IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 12, 2022 Session

## EMAN IBRAHIM AHMAD ALKHATEEB v. AHMAD MUSTAFA JAMIL ALHOUWARI

**Appeal from the Circuit Court for Shelby County**
**No. CT-000128-18  Robert Samual Weiss, Judge**

————————————————————

**No. W2020-01582-COA-R3-CV**

————————————————————

This is an appeal by Wife from a final decree of divorce.  After a thorough review of the record and the trial court's order, we affirm in part and vacate in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Vacated in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Eman Ibrahim Ahmad Alkhateeb, Memphis, Tennessee, Pro se.

Stuart Breakstone and Adrian Vivar-Alcalde, Memphis, Tennessee, for the appellee, Ahmad Mustafa Jamil Alhouwari.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Eman Ibrahim Ahmad Alkhateeb ("Wife") and Ahmad Mustafa Jamil Alhouwari ("Husband") were married on October 1, 2009 in Irbid, Jordan.  The parties had two minor children born of the marriage, and at some point, they relocated to Memphis, Tennessee.  They later separated on or about November 17, 2017, and Wife initiated divorce proceedings in the Circuit Court of Shelby County on January 28, 2018.

It is apparent from the record on appeal and the trial court's final decree that the divorce remained contentious throughout the proceedings.  Moreover, the trial court noted that both parties have "credibility issues and were inconsistent with some of their allegations against the other."

In the final decree of divorce, entered November 6, 2020, the trial court granted Wife a divorce on the ground of inappropriate marital conduct based upon Husband's admitted infidelity.  It further found that neither party owned any real property, a pension, retirement, or 401(k), and permitted each party to retain the personal property in their possession. It deemed Wife responsible for her student loans and any other debts in her name and held Husband "harmless for same."  It further ordered Husband to pay Wife transitional alimony in the amount of $790.00 per month for twelve months beginning on December 1, 2020.  Pursuant to the parenting plan attached to the final decree, Mother was named the primary residential parent with 295 days of parenting time, while Father was awarded 70 days.  Because Wife had enrolled the parties' children in TennCare, the trial court did not make a determination as to permanent child support and transferred that determination to the Juvenile Court.  Finally, the trial court found that each party was to be responsible for their own attorney's fees.  This appeal followed.

## ISSUES PRESENTED

In her brief, Wife raises several issues on appeal, which have been restated as follows:

1. Whether the trial court erred in awarding Husband shared parenting time despite his purported violation of the trial court's order on the parties' temporary parenting plan.
2. Whether the trial court erred in awarding Wife only $710.00 a month in child support.
3. Whether the trial court erred in not awarding Wife permanent alimony.
4. Whether the trial court erred in not awarding Wife one of Husband's vehicles.
5. Whether the trial court erred in not awarding Wife attorney's fees.

Husband raises two separate issues on appeal, which we have condensed into a single issue as follows:

1. Whether Wife has waived the issues raised in her appeal due to the procedural deficiencies in her brief and in the record on appeal.

## DISCUSSION

*Whether Wife's Appeal Should be Analyzed on the Merits*

At the outset, we address Husband's threshold issue as to whether the procedural deficiencies contained in Wife's brief are such that they warrant a finding of waiver of her issues on appeal.

"Parties who decide to represent themselves are entitled to fair and equal treatment

by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)).  Although courts should "take into account that many pro se litigants have no legal training and little familiarity with the judicial system," *id.* at 62-63 (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)), they "must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* at 63.  Therefore, pro se litigants are not excused "from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)).  Still, "pro se litigants who are untrained in the law" are given a "certain amount of leeway in drafting their pleadings and briefs." *Id.* (citing *Whitaker*, 32 S.W.3d at 227; *Paehler*, 971 S.W.2d at 397).  As such, those papers prepared by pro se litigants are measured "using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998)).

Here, Husband points out various deficiencies contained in Wife's brief.  Primarily, he notes Wife's failure to make appropriate references to the record throughout her brief, as required by Rule 27(a)(7)(A) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee.  Husband requests that this Court find that the deficiencies are such that Wife's issues are deemed waived.

Based upon our review of Wife's brief on appeal, we agree with Husband that there are certainly deficiencies in that Wife makes only minimal citations to the record in the argument section of her brief.  Nevertheless, we also "recognize[] the admonition in Tenn. R. App. P. 1 that the appellate rules should be construed to afford all parties a hearing on the merits." *Irvin*, 767 S.W.2d at 653.  As such, "there are times when this Court, 'using its discretion afforded it under [Rule 2 of the Tennessee Rules of Appellate Procedure] may waive the briefing requirements to adjudicate the issues on their merits.'" *Kirby Parkway Prof'l Condo. Ass'n Inc. v. Cindy-Jarvis Ltd. LP*, No. W2019-02280-COA-R3-CV, 2020 WL 7786952, at *2 (Tenn. Ct. App. Dec. 30, 2020) (quoting *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009)).  Here, we will endeavor to address the merits of Wife's appeal, although we note there are some matters discussed herein in which Wife's noncompliance with applicable briefing rules thwarts our review, and there are other instances in which the trial court's absence of appropriate findings prevents review.[1]

---

[1] Although we are generally proceeding with the merits of Wife's appeal under the particular facts of this case, litigants should not construe our decision to do so as indicating "that we will be as forgiving of these deficiencies in the future." *See Davis v. Tenn. Bd. of Water Quality, Oil, & Gas*, No. W2016-00870-COA-R3-CV, 2017 WL 4621307, at *3 (Tenn. Ct. App. Oct. 16, 2017).

Wife's first issue on appeal concerns her contention that the trial court erred in awarding Husband parenting time. Specifically, Wife argues that Husband continuously violated the parties' prior temporary parenting plan and did not exercise his parenting time for several consecutive months. As a result, in her view, Husband was not entitled to any parenting time.

"A trial court's decision regarding parenting time is reviewed under the deferential abuse of discretion standard[.]" *In re Grace N.*, No. M2014-00803-COA-R3-JV, 2015 WL 2358630, at \*3 (Tenn. Ct. App. May 14, 2014). Under this standard,

> [t]rial courts have broad discretion to fashion parenting plans that best serve the interests of the children. Tenn. Code Ann. § 36-6-101(a)(2)(A) (Supp. 2004). **They must, however, base their decisions on the evidence presented to them and upon the proper application of the relevant principles of law.** *D v. K*, 917 S.W.2d 682, 685 (Tenn. Ct. App. 1995). While we are reluctant to second-guess a trial court's decisions regarding a parenting plan, see *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997), we will not hesitate to do so if we conclude that the trial court's decision is not supported by the evidence, that the trial court's decision rests on an error of law, or that the child's interests will be best served by another parenting arrangement. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Steen v. Steen*, 61 S.W.3d at 328; *Placenia v. Placenia*, 3 S.W.3d 497, 499 (Tenn. Ct. App. 1999).

*Shofner v. Shofner*, 181 S.W.3d 703, 716 (Tenn. Ct. App. 2004) (emphasis added). Here, the parenting plan ordered by the trial court was attached to the final decree of divorce and signed by the trial judge. However, we note that the final decree contains no consideration or discussion of the parenting plan or the factual and legal basis upon which the trial court made its decision concerning its contents. Moreover, there are no findings indicating whether the parenting plan was in the best interests of the children. *See Johnson v. Johnson*, No. E2012-02618-COA-R3-CV, 2013 WL 5373064, at \*5 (Tenn. Ct. App. Sept. 23, 2013) ("Subject to a child's best interest, a trial court has the authority to enter its own parenting plan.").

Rule 52.01 of the Tennessee Rules of Civil Procedure states, in pertinent part, that:

> In all actions tried upon the facts without a jury, the court shall find the facts specifically and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Tenn. R. Civ. P. 52.01. In *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App.

2015), this Court noted that Rule 52.01's requirements "'afford[] a reviewing court a clear understanding of the basis of a trial court's decision,' and in the absence of findings of fact and conclusions of law, 'this court is left to wonder on what basis the court reached its ultimate decision.'" (quoting *In re Estate of Oakley*, No. M2014-003410-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015)). Although there is no bright-line test in determining whether a trial court's factual findings are sufficient, generally, "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Id.* (quoting *In re Estate of Oakley*, 2015 WL 572747, at *11). As such, despite Husband's contention that "there is a conclusive presumption that a trial court's findings of fact are correct when no transcript or statement of the evidence is filed," as is the case here, "when the trial court does not make specific findings of fact, no presumption of correctness arises because 'there was nothing found as a fact which we may presume correct.'" *Id.* (quoting *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999)). "Because 'discretionary decisions must take the applicable law and the relevant facts into account,' our deference to a trial court's discretionary decision for which Rule 52.01 compliance is required may abate when the record does not reveal which legal principles and facts the trial court relied upon in making its decision." *Id.* (internal citations omitted). This Court was presented with a similar situation in *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *2-4 (Tenn. Ct. App. Dec. 27, 2012), wherein the trial court, in determining whether a material change in circumstances had occurred,[2] failed to make findings of fact consistent with Rule 52.01 regarding the best interest of the child at issue. Specifically, we noted that:

> The trial court made no finding as to best interest in this case, nor does its order reflect that the trial court considered any of the applicable factors in ruling that Father should be named primary residential parent of the child. **This omission is in clear contravention of the trial court's duty to make findings of fact and conclusions of law pursuant to Rule 52.01, as well as its duty to "consider all applicable factors" when making a best interest determination**.

*Id.* at *3 (quoting *Murray v. Murray*, No. M2009-01576-COA-R3-CV, 2010 WL 3852218, at *8 (Tenn. Ct. App. Sept. 28, 2010) (emphasis added)).

Here, we cannot afford the trial court's ordered parenting plan any presumption of correctness because its final decree fails to make any findings that would be sufficient under the requirements of Rule 52.01. In fact, as we stated earlier, the final decree is

---

[2] Although *Hardin* involved a modification of a parenting plan, this does not obviate here the requirement that the parenting plan be deemed in the best interest of the children. *See* Tenn. Code Ann. § 36-6-404; *Shofner v. Shofner*, 181 S.W.3d 703, 716 (Tenn. Ct. App. 2004) (noting that parenting plans "should be used to advance the children's best interests by placing them in an environment that best serves their physical and emotional needs").

entirely silent as to the parenting plan. These "'[d]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at \*5 (Tenn. Ct. App. Mar. 23, 2015) (quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). Because the trial court failed to make any findings concerning the parenting plan, we cannot determine whether it applied an incorrect legal standard or relied on reasoning that caused an injustice, as we are uncertain as to what legal standard or reasoning the court applied. *See id.* (citing *Halliday v. Halliday*, No. M2011-01892-COA-R3-JV, 2012 WL 5462839, at \*4 (Tenn. Ct. App. Dec. 6, 2012)).

Based on the inadequacies found in the trial court's order as it pertains to the parties' parenting plan, we vacate the final decree entered by the trial court, insofar as it pertains to the parenting plan, and remand the matter for the entry of an order with appropriate findings of fact and conclusions of law. In remanding this matter to the trial court, we note that:

> "[E]vents and lives have not stood still while this custody dispute has been in the courts." *Maxwell v. Woodward,* No. M2011–02482–COA–R3–CV, 2013 WL 2420500, at \*22 (Tenn. Ct. App. May 31, 2013) (quoting *Gorski v. Ragains,* No. 01A01–9710–GS–00597, 1999 WL 511451, at \*4 (Tenn. Ct. App. July 21, 1999)). The trial court should remain mindful of this fact. As we have previously explained, "when a trial court is directed to reconsider an issue on remand that involves the circumstances of children and their parents, 'the trial court should endeavor to ascertain and give effect to the parties' actual circumstances[.]'" *Kathryne B.F. v. Michael B.,* No. W2013–01757–COA–R3–CV, 2014 WL 992110, at \*7 (Tenn. Ct. App. Mar. 13, 2014) (quoting *In re C.W.,* 420 S.W.3d 13, 22 (Tenn.Ct.App.2013)). In this case, the trial court's best interests determination should consider the circumstances of the parties and minor child as they exist as of the date of the hearing on remand.

*Stricklin v. Stricklin*, 490 S.W.3d 8, 19 (Tenn. Ct. App. 2015).

### *Whether the Trial Court Erred in its Award of Child Support*

Wife's next issue on appeal concerns her contention that the trial court erred in awarding her only $710.00 a month in child support for the parties' two minor children.

As to the matter of child support in this case, we do not find this issue to be properly before this Court. Notably, in its order, the trial court stated that "[t]he matter of child support has been removed to Juvenile Court as a result of [Wife] putting the minor children on TennCare." It appears that the trial court had previously set a *temporary* child support award of $710.00 per month in a previous order on Husband's "Petition for Temporary Parenting Plan." This appears to be the award about which Wife is arguing in her brief.

This Court in *Crafton v. Roberts*, No. W2015-00048-COA-R3-CV, 2015 WL 9466011, at *9 (Tenn. Ct. App. Dec. 28, 2015), was presented with a similar situation wherein a father challenged the propriety of the original child support order entered by the trial court in that case. However, this Court determined that it was "without jurisdiction to review the merits of this issue" as the "child support issues were transferred to Juvenile Court after this post-divorce litigation commenced." *Id.* As such, the *Crafton* Court determined that, because it no longer had jurisdiction over the child support matter, it was without jurisdiction to "entertain his grievances within the context of this appeal." We find that the present set of facts warrant a similar finding. Therefore, because the issue of child support was transferred to Juvenile Court prior to the trial court's order, we are without jurisdiction to address the merits of this issue on appeal.[3]

*Whether the Trial Court Erred in Not Awarding Wife Permanent Alimony*

Wife also argues that the trial court erred when it failed to award her permanent alimony in lieu of the transitional alimony she was awarded.

Tennessee law recognizes that trial courts have "broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award." *Gonesewski v. Gonesewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Bratton v. Bratton*, 136 S.W.3d 595, 605 (Tenn. 2004); *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001); *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000)). "[A] trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors." *Id.* (citing *Kinard v. Kinard*, 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998)). Therefore, this Court is "disinclined to second-guess a trial judge's spousal support decision." *Id.* (citing *Kinard*, 986 S.W.2d at 234). Rather, this Court is to "determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Id.* (citing *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006)).

Here, the trial court ordered Husband to pay Wife $790.00 a month for twelve months beginning on December 1, 2020, representing transitional alimony. In its order, the trial court stated that it was basing its decision on the factors set forth in Tennessee Code Annotated section 36-5-121.[4] "When a trial court decides a case without a jury, its

---

[3] There are statements in Wife's brief where she appears to acknowledge that the matter has been transferred to Juvenile Court.

[4] Tennessee Code Annotated section 36-5-121(i) provides that:

> In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:
> (1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other

findings of fact are presumed to be correct unless the evidence in the record preponderates against them." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (citing Tenn. R. App. P. 13(d)). Notably, there is neither a transcript nor a statement of the evidence in the record on appeal in this case. "The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Hardin*, 2012 WL 6727533, at *4 (quoting *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012)). "Without an appellate record containing the facts, this court cannot perform a *de novo* review or determine the preponderance of the evidence." *Id.* (citing *Sherrod*, 849 S.W.2d at 783). Therefore, in like situations, we generally "assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod*, 849 S.W.2d at 783 (citing *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988)). Unfortunately, as in the earlier parenting time issue, the trial court did not articulate any factual findings relative to the factors in Tennessee Code Annotated section 36-5-121, and Wife's failure to file either a transcript or a statement of the evidence "does not vitiate the trial court's failure to make specific findings of fact and conclusions of law." *Hardin*, 2012 WL 6727533, at *5. Although "appellate review is sometimes possible in the absence of a transcript or statement of the evidence," such review is made possible only when there exist "appropriate findings of fact and conclusions of law." *Id.* Here, because the trial court has failed to provide findings of fact and conclusions

---

sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

of law in its final decree, we are unable to facilitate appellate review. As such, we vacate the final decree as it pertains to the award of alimony and remand for the entry of an order with adequate findings of fact and conclusions of law in compliance with Rule 52.01.

*Whether the Trial Court Erred in Not Awarding Wife One of Husband's Vehicles*

Wife's next issue on appeal concerns her contention that the trial court erred in not awarding her one of Husband's vehicles. This issue necessarily implicates Rule 7 of the Rules of the Court of Appeals of Tennessee, which provides in pertinent part that:

> In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table[.] . . . This table shall list all property and debts considered by the trial court including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

Tenn. Ct. App. R. 7(a). Here, Wife failed to attach any table concerning the property and debts considered by the trial court. Based on Wife's failure to include a table pursuant to Rule 7, we find this issue waived on appeal. *See Smith v. Smith*, No. E2017-00515-COA-R3-CV, 2017 WL 6467153, at *6 (Tenn. Ct. App. Dec. 18, 2017) ("This Court has repeatedly held that failure to comply with the requirements of Rule 7 waives issues relating to the division of property in a divorce case.").

*Whether the Trial Court Erred in Not Awarding Wife Attorney's Fees*

Wife's final issue on appeal centers on her notion that the trial court erred when it determined that each party was to be responsible for their own attorney's fees. Specifically, Wife contends that Husband should be responsible for her attorney's fees due to Husband's misconduct and adultery.

"In a divorce case, an award of attorney's fees is treated as an award of alimony *in solido*." *Eldridge v. Eldridge*, 137 S.W.3d 1, 24 (Tenn. Ct. App. 2002) (citing *Kinard*, 986 S.W.2d at 235; *Herrera v. Herrera*, 944 S.W.2d 379, 390 (Tenn. Ct. App. 1996)). The determination as to whether to award attorney's fees is "largely left within the discretion of the trial court and will not be disturbed on appeal unless the trial court clearly abused that discretion." *Id.* (citing *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995)).

Based on our review of the final decree, the trial court made adequate findings concerning the financial ability of both parties, and said findings do not warrant a determination that the trial court abused its discretion in declining to award Wife attorney's fees. Rather, the record supports that, at the time of the final decree, the parties' gross

incomes were relatively similar, and it was apparent that both parties had contributed to the protracted nature of this case. As such, we affirm the trial court on this issue.

## CONCLUSION

Based on the foregoing, the trial court's order is affirmed in part and vacated in part, and the case is remanded for the trial court to make proper findings of fact and conclusions of law consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
